Filed 1/16/15  P. v. Adams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>LONNIE B. ADAMS,<br><br>      Defendant and Appellant. | C074836<br><br>(Super. Ct. No. 96F00018) |

Defendant Lonnie B. Adams appeals from an order denying petitions to recall his so-called "three strikes" sentence of 26 years to life, brought pursuant to the provisions of the Three Strikes Reform Act of 2012 (the Act), codified at Penal Code section 1170.126 (undesignated statutory references are to the Penal Code).[1]  (See *Teal v. Superior Court* (2014) 60 Cal.4th 595.)

Defendant's petitions to recall his sentence and for resentencing and his motion to reconsider were denied upon determination that he was not eligible for relief under the Act because the commitment offense was making criminal threats and because he was

---

[1] Defendant filed petitions for writ of habeas corpus, which were construed to be petitions to recall his sentence.  He thereafter filed a petition to recall his sentence.

1

armed with a deadly weapon in the course of commission of the offense.  (See §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subds. (b) & (e)(1), 1192.7, subd. (c) (38).)

Counsel was appointed to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant timely filed a supplemental brief, arguing that since making criminal threats was not defined as a serious or violent felony at the time he committed the offense, the conviction cannot be used to render him ineligible for relief under the Act.  The issue is now pending review by the California Supreme Court.  (See *People v. Johnson* (2014) 226 Cal.App.4th 620, review granted July 30, 2014, S219454; *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, review granted July 30, 2014, S218503.)  However, defendant remains ineligible for resentencing under the Act, as the determination that he was armed with a deadly weapon during the commission of the offense disqualifies him for relief.  (See *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336-1340; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1314-1317.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order) is affirmed.

                                    RAYE            , P. J.

We concur:

      BLEASE            , J.

      NICHOLSON       , J.

2