Filed 8/20/15  P. v. Montgomery CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALBERTA LOUISE MONTGOMERY,<br><br>    Defendant and Appellant. | G051366<br><br>(Super. Ct. No. 06CF2853)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Alberta Louise Montgomery appeals from the court's denial of her Penal Code section 1170.18 petition to have her Vehicle Code section 10851, subdivision (a) felony conviction designated as a misdemeanor after the passage of Proposition 47, the Safe Neighborhoods and Schools Act. Defendant argues Proposition 47 (which enacted Pen. Code § 490.2) applies to the unlawful taking of a vehicle valued at no more than $950, and that denying such relief violates her right to equal protection.

We affirm the court's order because, according to the record on appeal, the record of defendant's felony conviction contains no evidence showing the vehicle she unlawfully took was valued at no more than $950. (See *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338 (*Bradford*) [as to Prop. 36 and Pen. Code § 1170.126, court must determine "petitioner's eligibility for resentencing based on the record of conviction"].) Defendant's 2006 guilty plea shows merely that she unlawfully took and drove "a 1985 Nissan Maxima."

Defendant contends the trial court should have invited further briefing on this issue, relying on *Bradford*, *supra*, 227 Cal.App.4th at page 1341. But *Bradford* concerned Proposition 36 and Penal Code section 1170.126. (*Bradford*, at p. 1327.) Moreover, in *Bradford*, "[a]fter [the] petitioner filed the petition to recall his sentence under Proposition 36, the trial court considered his eligibility without further briefing or involvement by [the] petitioner or the People." (*Id.* at p. 1330.) Here, in contrast, the trial court, at the first hearing on defendant's petition, set a second hearing to permit briefing and further argument by counsel, and then continued the second hearing to allow defendant's counsel to research the value of the vehicle. Both parties submitted briefs on defendant's petition; no brief addressed the valuation of the vehicle, although the People's opposition stated defendant had possessed "a stolen truck." At the continued hearing, defendant's counsel merely submitted.

The postjudgment order is affirmed.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.