Filed 11/6/14  P. v. Marshall CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMMY JAVE MARSHALL II,<br><br>    Defendant and Appellant. | B256540<br><br>(Los Angeles County<br>Super. Ct. No. BA365596) |

THE COURT:[*]

Defendant and appellant Sammy Jave Marshall II (defendant) appeals from the denial of his post-judgment petition for recall of sentence pursuant to the Three Strikes Reform Act of 2012 (Reform Act), and for resentencing under Penal Code section 1170.126.[1]  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On July 25, 2014, we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating any grounds or argument he might wish to have considered.  Defendant has submitted a supplemental

---

[*]    BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

brief, which we have considered, in addition to the entire case record. Finding no arguable issues, we affirm the judgment.

A jury convicted defendant of robbery and attempted murder and found true the allegation that he had personally discharged a firearm in the commission of the crimes. The trial court found that defendant had suffered two prior strike convictions and sentenced him to a total term of 67 years to life in prison. In 2013, we affirmed the judgment after determining it was supported by substantial evidence.[2] In March 2014, defendant filed his petition for recall of sentence in the trial court. Once the trial court found defendant's attempted murder conviction was a violent felony pursuant to section 667.5, subdivision (c)(12), and he was thus ineligible for resentencing, the petition was denied with prejudice. (See § 1170.126, subd. (e).) Defendant filed a timely notice of appeal from the order.[3]

In his supplemental brief defendant concedes that his current offenses render him ineligible for resentencing under the Reform Act. He nevertheless seeks resentencing under the Reform Act on the ground that his prior convictions predated the Three Strikes law. We reject defendant's claim as the statute does not confer discretion to resentence a defendant who is ineligible for resentencing under the terms of the statute. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336; § 1170.126, subds. (e) & (f).)

---

[2]  In addition to the clerk's transcript of the proceedings relating to defendant's petition, at counsel's request we have taken judicial notice of our opinion affirming the judgment. (See *People v. Marshall* (May 29, 2013, B239874) [nonpub. opn.] review den. Aug. 14, 2013.) We note that defendant also filed a petition for writ of habeas corpus, challenging the sufficiency of the evidence and effectiveness of counsel. After the superior court denied the habeas petition, defendant filed a similar petition in this court, in case No. B256938. On June 25, 2014, we summarily denied that petition.

[3]  Presently there is a conflict among appellate courts as to whether or not the denial of a petition for resentencing under the Reform Act is an appealable order. The question is presently pending before the California Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017.) As the trial court's denial was an "order made after judgment, affecting the substantial rights of the party" (§ 1237, subd. (b)), we consider it an appealable order.

After examination of the entire record we find no error in the denial of the petition. We are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.