Filed 12/18/14  P. v. Matthews CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059596 |
| v. | (Super.Ct.No. FSB10450) |
| DWIGHT MATTHEWS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Warren Williams and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Dwight Matthews appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)). On appeal, defendant contends the court erred in finding him ineligible for resentencing since he was not afforded due process, and there was insufficient evidence to support the court's finding. We affirm the judgment.

PROCEDURAL BACKGROUND

Defendant was charged by amended information with two counts of attempted second degree commercial burglary (Pen. Code, §§ 664, 459, counts 1 & 2).[1] The amended information also alleged that defendant had four prior strike convictions. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) The prior convictions included: (1) crime against nature, in violation of section 39-2-612 of the Tennessee Code Annotated (the Tennessee Code); (2) rape, in violation of Tennessee Code section 39-2-604; (3) robbery, in violation of Tennessee Code section 39-2-501; and (4) first degree burglary, in violation of Tennessee Code section 39-3-401. On August 29, 1996, a jury found defendant guilty of counts 1 and 2, and the trial court made true findings on all of the prior conviction allegations. The court sentenced defendant to an indeterminate term of 50 years to life on counts 1 and 2 under the "Three Strikes" law.

On January 29, 2013, defendant filed an in propria persona petition for recall of sentence and a waiver of personal appearance. On May 3, 2013, he filed another waiver

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

of personal presence. The matter was continued by stipulation several times. An eligibility hearing was held on August 30, 2013, and defendant was represented by counsel. At the outset, the court stated that defendant's prior strikes included the crimes of rape and sodomy in the state of Tennessee, and such convictions appeared to make defendant ineligible for resentencing. Defense counsel objected on the grounds that there had not been a sufficient showing that the Tennessee convictions were the same as the disqualifying convictions in California, or that they fell under Welfare and Institutions Code section 6600.[2] The prosecutor and the court agreed that the elements of the out-of-state prior convictions had to be substantially the same as the elements of the offenses in California. The court noted that the trial court "reviewed the charging documents and, based on the allegations and the finding, the Court found the prior convictions to be true." The court then stated it was satisfied that the elements of the prior strike offenses in Tennessee disqualified defendant for resentencing under Penal Code section 1170.126, in that they were violent sexual offenses as defined by Welfare and Institutions Code section 6600. The court found defendant ineligible for resentencing and denied the petition. (Pen. Code, § 1170.126, subd. (e).)

On September 6, 2013, defendant filed a notice of appeal.

---

[2] We note that defense counsel, and consequently the court, mistakenly referred to Penal Code section 6600, rather than Welfare and Institutions Code section 6600. (Pen. Code, § 1170.126, subd. (e)(3).)

<u>ANALYSIS</u>

<u>The Court Properly Found Defendant Ineligible For Resentencing</u>

Defendant contends he was not afforded due process when the court determined that he was statutorily ineligible for resentencing. He also argues that there was insufficient evidence to support the finding of ineligibility. We disagree.

A. *Relevant Law*

In ruling on a section 1170.126 resentencing petition, the trial court must first determine whether an inmate is eligible for resentencing. (§ 1170.126, subd. (f).) An inmate is eligible for resentencing if the inmate is serving an indeterminate life term imposed for a nonserious, nonviolent felony conviction; the inmate's current sentence was not imposed for any of the disqualifying offenses specified in section 1170.126, subdivision (e)(2); and the inmate has no prior convictions for any of the disqualifying offenses referred to in section 1170.126, subdivision (e)(3). (§ 1170.126, subd. (e).) If the inmate is eligible, the trial court must resentence the inmate unless, in its discretion, the trial court determines resentencing the inmate would pose an unreasonable risk of danger to the public. (§ 1170.126, subd. (f).) Here, the trial court denied the resentencing petition on threshold eligibility grounds.

B. *Defendant Waived His Appearance*

As to his due process claim, defendant argues: (1) he was never notified that he was allegedly ineligible for relief and given an opportunity to refute the specific grounds for his alleged ineligibility; (2) he was not given the opportunity to be present at the hearing; (3) he had no opportunity to confront and cross-examine witnesses, to present

4

documentary evidence, or to testify himself; and (4) the evidence was insufficient to support the court's findings since no evidence was introduced.  We find no error.

Section 1170.126, subdivision (f), describing the eligibility determination, provides that "the court shall determine whether the petitioner satisfies the criteria in subdivision (e) . . . ."  "The statute does not expressly require the trial court to hold a hearing before considering the eligibility criteria, nor is there a reference to the taking of 'evidence' or other proceeding that would compel involvement by the parties." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1337 (*Bradford*).)  The statute simply states: "Upon receiving a petition for recall of sentence under this section, *the court shall determine* whether the petitioner satisfies the criteria in subdivision (e)." (§ 1170.126, subd. (f), italics added.)  "Having reviewed the statutory language, it is apparent that an evidentiary hearing is not contemplated by the statute at the initial eligibility stage." (*Bradford*, at p. 1337.)  Furthermore, "no particular statutory procedure describes how the trial court is to go about making the eligibility determination." (*Ibid*.)  Thus, it does not appear that defendant was entitled to "notice" that he was ineligible, or to be present at the hearing to confront witnesses, present evidence, or testify.

Moreover, even if defendant was entitled to be present at the eligibility hearing, he waived his appearance with two signed waiver forms.  First, he attached to his petition for resentencing a "waiver of [his] personal appearance."  This waiver explicitly stated that defendant was waiving his right to be present "at the hearing of any motion, sentencing, or other proceeding in this cause," and that he was requesting the court "to proceed during every absence of the Petitioner."  He also explicitly agreed that his

5

interest would be represented at all times by the presence of his attorney, "the same as if [he was] personally present in court."

Defendant subsequently filed another waiver, pursuant to section 1170.126, subdivision (i), stating that he was waiving his right to appear in court, "provided that the accusatory pleading is not amended and that no new trial or retrial will occur." This waiver stated that he would revoke it if the resentencing hearing was contested in any manner. He now argues that this waiver was "ineffective" because he "was not made aware that he was giving up his right to testify and assist his attorney with respect to the allegedly disqualifying prior convictions." However, this waiver does not appear to be applicable here, since the hearing was not a resentencing hearing, but rather an eligibility hearing.

In any event, defendant's first waiver validly waived his appearance at the eligibility hearing. Moreover, his interests were fully represented at the eligibility hearing, as he was represented by counsel.

C. *Defendant Was Ineligible for Resentencing*

Defendant also argues that there was insufficient evidence to support the court's finding of ineligibility. He contends that his sworn petition for resentencing, which simply alleged that he had no disqualifying prior convictions, was prima facie evidence of his eligibility, and that the prosecutor failed to introduce any rebuttal evidence. Defendant further asserts that his prior convictions for rape and a crime against nature were committed in Tennessee, and that those crimes can be committed without force, violence, or other methods that would constitute a "sexually violent offense" under

6

Welfare and Institutions Code section 6600. As to the offense of a crime against nature, he specifically argues that nothing in the record shows this Tennessee offense was equivalent to the California crime of forcible sodomy. We conclude that the court properly found defendant ineligible for resentencing.

At the outset, we address defendant's assertion that his recall petition, signed under penalty of perjury, was prima facie evidence that he was eligible for resentencing. As a general rule, a self-serving declaration lacks trustworthiness. (*People v. Duarte* (2000) 24 Cal.4th 603, 611.) Defendant's self-serving petition, alleging that he had no prior convictions for any of the disqualifying offenses, did not presumptively establish his eligibility for resentencing. Moreover, as defendant concedes, he did not produce any further documentation of the record of his prior convictions at the hearing on his petition.

Furthermore, defendant has not cited any authority to support his contention that the prosecution erred in not introducing any evidence to rebut the allegation that he was eligible for resentencing. Again, there is no reference in the statute that the prosecution was required to introduce evidence. (*Bradford*, *supra*, 227 Cal.App.4th at p. 1337.) In *People v. White* (2014) 223 Cal.App.4th 512 (*White*), amicus and defense counsel raised the issue of whether "'any offense or conduct that disqualifies a petitioner from relief under [section 1170.126] must be "pled and proven" by the prosecution.'" (*Id*. at pp. 519, 526.) The appellate court rejected the argument finding the claim unavailing. (*Id*. at pp. 526-527.) It reasoned that the pleading and proof requirements in the statutory language governed only the prospective part of the Reform Act, not the retrospective part at issue in a section 1170.126 resentencing petition. (*Id*. at p. 527.) The court affirmed

7

the trial court's denial of the defendant's petition, holding that a court may determine that a defendant is ineligible for resentencing based on a defendant's record of conviction. (*Id*. at pp. 525-527.)

The record in this case amply established that defendant was disqualified from resentencing because he had disqualifying prior convictions. (§ 1170.126, subd. (e).) Section 1170.126, subdivision (e)(3) states: "(e) An inmate is eligible for resentencing if: [¶] . . . [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Sections 667, subdivision (e)(2)(C)(iv), and 1170.12, subdivision (c)(2)(C)(iv), contain the same operative language. They list the disqualifying prior convictions and state that: "The defendant suffered a prior serious and/or violent felony conviction . . . for any of the following felonies: [¶] (I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."

Welfare and Institutions Code section 6600, subdivision (b), defines a "sexually violent offense" as follows: "'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a): a felony violation of Section 261, 262, 264.1, 269, 286, 288, 288a, 288.5, or 289 of the Penal Code, or any felony violation of Section 207, 209, or 220

8

of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code."

Here, the court stated that it was "satisfied that the elements of the prior strike offenses in Tennessee do disqualify the defendant for resentencing under 1170.126, in that they encompass violent sexual offenses as defined by . . . section 6600." The record shows that, in 1996, defendant filed a *Romero*[3] motion, which the trial court denied.[4] The record reflects that, in denying the *Romero* motion, the trial court reviewed the Tennessee criminal statutes relating to the four strike offenses, the indictments of the crimes, and a certified copy of the equivalent of a section 969(b) packet from the Tennessee Department of Corrections.[5] The court also reviewed a chart showing the

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[4] Defendant appealed the denial of the *Romero* motion. The People have now requested that we take judicial notice of excerpts from the reporter's transcript from the *Romero* hearing and the unpublished opinion from his prior appeal in this case, *People v. Matthews* (Sept. 15, 1997, E019082) [nonpub. opn.] (*Matthews*). However, defendant claims that the *Matthews* opinion and the transcript from the *Romero* motion cannot be considered in this appeal because they were not introduced or considered in the trial court. It is not clear from the record what the court considered in making its eligibility determination. However, the trial court properly could have considered the *Matthews* opinion and transcript. (*People v. Trujillo* (2006) 40 Cal.4th 165, 180-181 ["'[A]ppellate opinions, in general, are part of the record of conviction that the trier of fact may consider in determining whether a conviction qualifies under the sentencing scheme at issue.' [Citation.]"].) Furthermore, we may take judicial notice of the decisional law of this state and any court records of this state. (Evid. Code, §§ 451, subd. (a), 452, subd. (d).) We hereby grant the People's request and take judicial notice of the opinion in our case No. E019082, as well as the reporter's transcript excerpts.

[5] Defendant has requested this court to take judicial notice of certain sections of the Tennessee Code Annotated, reference notes for certain code sections, an explanation of the numbering system used in Tennessee statutes, a table of code changes, as well as

*[footnote continued on next page]*

9

original code sections the crimes were charged under in 1977 before the code sections were repealed, and the corresponding new code sections. The court stated that the indictment titled "crime against nature" was a forcible oral copulation charge. The court went over the elements of each of the alleged strikes and determined that each of the strikes qualified as strikes under the California statute. The court denied the *Romero* motion, and defendant appealed. On appeal, this court reviewed the trial court's *Romero* decision and also noted that one of defendant's four prior strikes was for forcible oral copulation (i.e., crime against nature under Tenn. Code Ann. § 39-2-612). (*People v. Matthews*, *supra*, E019082.) The record clearly reflects that defendant had a prior conviction for forcible oral copulation.

As mentioned above, Welfare and Institutions Code section 6600, subdivision (b), defines a "sexually violent offense" as "the following acts when committed by force, violence, duress, menace, . . . : a felony violation of Section . . . 288a . . . or 289 of the Penal Code." Penal Code section 288a defines oral copulation. By its plain terms, Welfare and Institutions Code section 6600, subdivision (b), defines a "sexually violent offense" to include forcible oral copulation. In addition, Penal Code section 289 defines rape. Therefore, the record clearly supports the court's determination that defendant was ineligible for resentencing because he had prior convictions for forcible oral copulation

---

*[footnote continued from previous page]*
sections of the California Penal Code. We hereby grant that request. (Evid. Code, §§ 451, subd. (a), 452.)

and rape. These prior convictions disqualified him from resentencing under Penal Code section 1170.126, subdivision (e)(3).

Defendant speculates scenarios whereby rape and crimes against nature can be committed without force or violence. However, there is no apparent evidence that *his* prior convictions were committed under circumstances without force or violence. The record reflects that, due to the age of the original case, the paper court file was destroyed. Thus, the only evidence of the nature of defendant's prior convictions before the court demonstrated that his prior conviction in Tennessee for a crime against nature was for forcible oral copulation. We further note that the trial court hearing the *Romero* motion stated that the forcible oral copulation conviction was "basically duplicative of the rape count."

Defendant additionally asserts that the particular sections of the Tennessee Code that the 1996 amended information alleged as prior strikes did not exist in 1978, when the crimes were alleged to have occurred. However, as defendant himself explains, the Tennessee Code Commission implemented a new numbering system. The table showing the code changes reflects that the code sections listed in the 1996 amended information correspond with the old code sections.

Defendant also makes a convoluted argument concerning the principles of res judicata and collateral estoppel, as they apply here. Although not clearly articulated, it appears that defendant is asking this court to remand the matter for the trial court to hold another eligibility hearing. However, in light of our conclusion, we see no reason to do so.

11

Ultimately, the record supports the court's finding that defendant was disqualified from resentencing, pursuant to section 1170.126, subdivision (e)(3).  Therefore, the court properly denied the petition.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
Acting P. J.

We concur:

<u>KING</u>
J.

<u>MILLER</u>
J.