Filed 7/23/15  P. v. Rankin CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067205 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD108327) |
| JOHNNY RANKIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

BACKGROUND

In September of 1994, San Diego police initiated a traffic stop. Defendant, a Crip gang member, was in the backseat. He left the car and attempted to leave but was instructed by an officer to remain in the area. He complied, but engaged in a struggle with the officer when he started to move away from the vehicle. Defendant was placed in a patrol car and the driver and front seat passenger were detained. Defendant and the front seat passenger were Crip gang members.

An officer looked into the vehicle and in plain view saw a sawed-off 22-gauge shotgun on the rear passenger floorboard. It was loaded with a yellow 20-gauge shotgun shell. From where he was in the patrol car, defendant yelled to the officers that "the shotgun was mine. They had no idea it was there. I put it in the back. I don't want them in trouble. Now I have nothing else to say except I want a lawyer." Thereafter the driver and front seat passenger were placed in the patrol car with defendant. After being told they were being recorded, defendant repeatedly stated he did not want to get the others in trouble and that he told the police the shotgun belonged to him.

Defendant was arrested and when searched, officers found a yellow 20-gauge shotgun shell in his pocket.

On April 28, 1995, a jury convicted defendant of possession of a firearm by a felon, in violation of former Penal Code section 12021, subd (a) (renumbered § 29800, subd. (a)(1))[1], and possession of a deadly weapon, a sawed-off shotgun, in violation of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

former section 12020, subd. (a)(1) (renumbered § 33215). In addition the court found three prior "strike" convictions and three prior prison allegations to be true.

On June 6, 1995, defendant was sentenced to 25 years to life under the pre-Proposition 36 version of the "Three-Strikes" law. On appeal this court remanded the case for the trial court to exercise the discretion vested in it by *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. Following remand the trial court again imposed the 25-year-to-life sentence under the Three Strikes Law.

On November 7, 2012, the Three Strikes Reform Act became effective. That Act added section 1170.126, which provides for a resentencing option for "persons presently serving an indeterminate term of imprisonment pursuant to" the Three Strikes Law. (Reform Act § 6).

On January 14, 2014, defendant filed a petition in the trial court under section 1170.126 requesting a recall of his life sentence and further requesting resentencing to a determinate term. He argued the life sentences for violation of sections 12021 subd. (a) and 12020 subd. (a), were not serious or violent felonies, nor were they enumerated in section 667, subd. (e)(2)(C)(i-iii).

On November 12, 2014, the trial court issued an order to show cause why it should not deny the petition for resentencing on the ground defendant was ineligible for relief under section 1170.126, subd. (e)(2); because of the nature of the commitment offense in felon in possession of a firearm (§ 12021, subd. (a)). The trial court noted that because ineligibility requires a finding the defendant was "*armed with a firearm*," the issue before the court was whether possession of a firearm can constitute being armed. The court

3

further stated the record reflected defendant had possession of the gun, "under conditions in which the gun was readily available for his use," specifically before his detention on the traffic stop, defendant was seated in the rear passenger compartment of a vehicle where a loaded sawed-off shotgun was subsequently discovered on the floorboard.

In response to the court's inquiry issue, defendant argued the prosecution must prove to a jury beyond a reasonable doubt that he was ineligible for resentencing and that the prosecution needed to show a "tethering" felony. The People responded that based on this court's decision in *People v. White* (2014) 223 Cal.App.4th 512, defendant was armed with the shotgun because he had ready access to it in the backseat where he was sitting; moreover he had a matching shotgun shell in his pocket and admitted the shotgun belonged to him. Defendant, in response, urged he was in no more than constructive possession of the gun.

The trial court rejected defendant's arguments, finding the record supports a finding defendant was armed with a firearm and thus was ineligible for the relief he was requesting.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant presents a twofold argument. First, he urges the trial court was required to make its findings under the clear and convincing evidence standard of proof and failed to do so. He further urges the facts of this case do not support a finding he was "armed" with a firearm, thus making him ineligible for relief under section 1170.126. We reject both contentions.

4

Defendant urges a disqualifying factor must be proved by clear and convincing evidence. For this proposition he relies primarily on Justice Raye's concurring opinion in *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1350-1351. As defendant notes, however, the weight of authority is to the contrary. In *People v. Osuna* (2014) 225 Cal. App.4th 1020, 1040 *(Osuna)* the court holds that because a trial court's determination that a defendant is ineligible for resentencing pursuant to section 1170.126 does not increase the penalty to which the defendant is already subjected, but rather disqualifies a defendant from an act of lenity on the part of the electorate to which a defendant is not constitutionally entitled, a trial court need only find a disqualifying factor by a preponderance of the evidence. We agree with the holding of *Osuna.*

Among the disqualifying factors enumerated in the Three Strikes Reform Act of 2012 is if, "[d]uring the commission of the current offense, the defendant used a firearm, *was armed with a firearm* or deadly weapon or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd.(c)(2)(C)(iii), emphasis added; see §1170.126, subd.(e)(2).) The question remains whether a preponderance of the evidence supports the conclusion defendant was armed with a firearm such that he would be found ineligible. We conclude the evidence supports a conclusion he is ineligible.

Citing *People v. Bland* (1995) 10 Cal.4th 991, 997, this court noted in *People v. White* (2014) 223 Cal.App.4th 512, 525, that a person is "armed" when they have ready access to the weapon that constitutes the arming. (See Health and Safety Code § 11370.1 and *People v. Gonzales* (1992) 8 Cal.App.4th 1658, 1662-1663.)

5

Here, although defendant was not specifically charged with being armed with a firearm, he had immediate access to the loaded shotgun. It was on the floorboard in the backseat where he alone was seated. He repeatedly admitted the shotgun was his. *People v. White, supra*, p. 525. Thus we conclude defendant is ineligible for the relief allowed in the Three Strikes Reform Act.

## DISPOSITION

The judgment is affirmed.


                                                                      BENKE, J.

WE CONCUR:


McCONNELL, P. J.


McDONALD, J.