Filed 9/29/15  P. v. Mendoza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEXIS DANIEL PEREZ MENDOZA,<br><br>    Defendant and Appellant. | G051352<br><br>(Super. Ct. No. 14WF1999)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Alexis Daniel Perez Mendoza appeals from an order denying his petition for resentencing under the "Safe Neighborhoods and Schools Act" (Proposition 47).  We conclude there are no arguable issues to assert on defendant's behalf on appeal.

In October 2014, defendant pleaded guilty to taking a vehicle without the owner's consent, a felony violation of Vehicle Code section 10851 (section 10851), and admitted he had suffered a prior section 10851 felony conviction in 2013.  The court imposed a split sentence pursuant to Penal Code section 1170, subdivision (h), consisting of 16 months in jail followed by eight months of supervision.

Following the passage of Proposition 47 in November 2014, defendant filed a petition pursuant to Penal Code section 1170.18, subdivision (a)  (section 1170.18(a)), seeking to recall the sentence on his 2014 vehicle theft conviction, and to have that offense reduced to a misdemeanor.

The People filed opposition, asserting defendant did not meet the criteria for obtaining relief under section 1170.18(a), because section 10851 is not one of the enumerated qualifying offenses.

Defendant then filed a supplemental petition, arguing vehicle theft in violation of section 10851 is a theft within the meaning of Proposition 47, at least in cases where the value of the vehicle taken is $950 or less.

On December 30, 2014, the court denied the petition, stating section 10851 "does not fall within Prop 47."

This timely appeal followed.

We appointed counsel to represent defendant on appeal.  Counsel filed a brief summarizing the proceedings and facts of the case and advised us he found no arguable issues to assert on defendant's behalf.  (*Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

We notified defendant he could file written argument on his own behalf, but the period to do so has passed and we received no communication from him.

2

To assist in our independent review of the record, counsel suggested we consider whether defendant's 2014 section 10851 felony conviction is a theft of property worth $950 or less within the meaning of Penal Code section 490.2, and thus should be reduced to a misdemeanor under section 1170.18(a), because the record of that conviction does not show the value of the vehicle taken in 2014 was greater than $950, even though the record of conviction does show defendant's 2013 section 10851 conviction is a prior conviction within the meaning of Penal Code section 666.5.

We have considered these issues and independently reviewed the entire record according to our obligations under *Anders* and *Wende*, but concluded there are no arguable issues to be asserted on appeal.

With respect to the issues suggested by counsel, the trial court was required to determine defendant's eligibility for resentencing under section 1170.18(a) based on the record of conviction. (Cf. *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338 [as to Proposition 36 and Pen. Code, § 1170.126, court must determine "petitioner's eligibility for resentencing based on the record of conviction"].)

According to the record presented to us in this appeal, the record of defendant's 2014 section 10851 conviction presented to the trial court at the hearing on defendant's petition for resentencing contained no evidence the vehicle he unlawfully took was valued at $950 or less. Rather, defendant's 2014 guilty plea shows merely that he "unlawfully took a 1991 Honda Accord." Therefore, the court properly concluded defendant was ineligible for resentencing under section 1170.18(a).

3

## DISPOSITION

The postjudgment order is affirmed.


                                        THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.