Filed 11/23/15 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051368 |
| v. | (Super. Ct. No. 14HF1375) |
| JUSTIN ANDREW CUEN, | ORDER MODIFYING OPINION AND DENYING REHEARING NO CHANGE IN JUDGMENT |
| Defendant and Appellant. | |

The opinion filed October 8, 2015 and certified for publication on October 30, 2015, is modified as follows:

On page 5, delete the following paragraph: "And, in any event, Cuen mistakenly assigns the burden of proving the amount of the loss to the People. The trial court was required to determine Cuen's eligibility for resentencing under section 1170.18, subdivision (a) based on the record of conviction. (Cf. *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338.) The record of Cuen's conviction, including the factual basis for his guilty plea to counts 5 and 7, omitted any reference to value. Cuen simply admitted he 'unlawfully acquire[d] and retain[ed] possession of [an] access card.' So Cuen was also ineligible for resentencing on counts 5 and 7, as a matter of fact."

This modification does not change the judgment.

The petition for rehearing is denied.


THOMPSON, J.

WE CONCUR:


FYBEL, ACTING P. J.


IKOLA, J.

2

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUSTIN ANDREW CUEN,<br><br>    Defendant and Appellant. | G051368<br><br>(Super. Ct. No. 14HF1375)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird, Deputy Attorneys General, for Plaintiff and Respondent.

Justin Andrew Cuen appeals from an order denying his petition to recall and resentence as misdemeanors (Pen. Code, § 1170.18, subds. (a), (b); all further statutory references are to the Penal Code) his two felony convictions for theft of access card information (§ 484e, subd. (d) (§ 484e(d)). The trial court ruled a conviction under section 484e(d) is not subject to recall and resentencing, because it is not one of the offenses listed in section 1170.18, subdivision (a). We agree and affirm.

## FACTS

In July 2014, Cuen was charged with six felonies: two counts of possession of a controlled substance (counts 1, 2), one count receiving stolen property (count 3), possession of blank checks (count 4), two counts of theft of access card information (§ 484e(d); counts 5, 7), and forgery (count 6). It was also alleged he had served a prior prison term. A few months later, Cuen pled guilty to counts 1, 3, 5, and 7 and admitted the prior prison term in exchange for dismissal of the remaining counts and a three-year split sentence.

Section 1170.18 was adopted as part of the "Safe Neighborhoods and Schools Act" (Proposition 47). After Proposition 47 passed, Cuen filed a petition for recall and resentencing under section 1170.18, subdivision (a). All but one of Cuen's offenses is among those listed as qualified for relief under 1170.18, subdivision (a). The outcast offense being theft of access card information (§ 484e(d)), counts 5 and 7.

Analogizing theft of access card information to uttering fictitious instruments and forged checks, and relying on the $950 line dividing grand and petty theft (§ 490.2), Cuen argued the People had to prove a theft of more than $950. Cuen then pointed out the factual basis for his plea merely stated he "unlawfully possessed . . . access card account information belonging to two different people with intent to use that for unlawful purposes," with no facts showing the value of the loss exceeded $950. Thus, Cuen claimed the court had to apply section 490.2, and reduce his felony theft of access card information convictions to misdemeanor petty thefts.

2

The People argued the omission of section 484e(d) from the list of theft crimes subject to recall under section 1170.18, subdivision (a) was purposeful. They noted proof the access card information Cuen took had a value over $950 was not an element of the offense. The People pointed out the object of section 484e(d) was the protection of consumers from "the injury, expense, and inconvenience arising from the fraudulent use of their access card account information" (*People v. Molina* (2004) 120 Cal.App.4th 507, 516 (*Molina*)), and they urged the court to rely on the plain language of section 1170.18, subidivision (a) and deny Cuen's petition as to counts 5 and 7.

The court observed, "The statutory language in § 490.2(a) is relatively clear. In application, however, the statutory language seemingly reveals a latent ambiguity warranting further analysis." Then, utilizing rules of statutory construction, the court reasoned Proposition 47 focused on reclassifying theft-related offenses "of property of a certain monetary value." The court concluded a violation of section 484e(d), which the court described as "grand theft as the taking of certain property regardless of monetary value," fell outside the letter and the spirit of Proposition 47. In short, the court ruled a violation of section 484e(d) is a species of grand theft, which was "unaffected by Proposition 47."

Ultimately, the court granted Cuen's petition as to counts 1 and 3, denied it as to counts 5 and 7, and resentenced Cuen to the two-year midterm on count 5, a concurrent two-year term on count 7, and concurrent misdemeanor sentences on counts 1 and 3. Cuen filed a timely appeal.

## DISCUSSION

Section 1170.18, subdivision (a) allows petitioners to, "request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code . . . ." Section 484e(d) is conspicuous by its absence from the list of enumerated crimes. That is why Cuen relies on section 490.2.

3

Section 490.2, also added by Proposition 47, states, "*Notwithstanding Section 487 or any other provision of law defining grand theft*, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor. . . ." (Italics added.)

Cuen contends section 484e(d) is now subject to the value-specific definition of grand theft contained in section 490.2.[1] Based on the broad introductory language of section 490.2,Cuen asserts that unless the People proved he fraudulently acquired access card information worth more than $950, his section 484e(d) convictions must now be reduced to misdemeanor petty thefts. We disagree for several reasons.

First, "'If the language [of a statute] is unambiguous, the plain meaning controls.'" (*People v. Leiva* (2013) 56 Cal.4th 498, 506.) Section 1170.18, subdivision (a) is unambiguous. It lists several theft-related offenses, but not theft of access card information. Section 490.2 is also unambiguous. It applies to thefts of "money, labor, real or personal property." And, while the definition of personal property could be stretched to include access card information, we resist. Theft of intangible access card account information presents a qualitatively different personal violation than theft of more tangible items. (See *Molina*, *supra*, 120 Cal.App.4th at pp. 518-519.)

Second, "[A] specific statutory provision relating to a particular subject controls over a more general provision." (*Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251, 270.) Section 484e(d) is the more specific statute, and it describes grand theft without reference to value. It is deemed serious enough to trigger felony punishment. (*Molina*, *supra*, 120 Cal.App.4th at p. 518.)

---

[1] Section 484e(d) states: "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."

4

Third, the logical understanding of the interplay between the various statutes—and the one that seems to give each statute its plain meaning and avoid the most pitfalls—is that section 490.2 applies solely to crimes involving the theft of "money, labor, real or personal property" with a value less than $950. Thus, the court correctly determined it lacked the statutory authority to resentence Cuen on counts 5 and 7, as a matter of law.

And, in any event, Cuen mistakenly assigns the burden of proving the amount of the loss to the People. The trial court was required to determine Cuen's eligibility for resentencing under section 1170.18, subdivision (a) based on the record of conviction. (Cf. *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338.) The record of Cuen's conviction, including the factual basis for his guilty plea to counts 5 and 7, omitted any reference to value. Cuen simply admitted he "unlawfully acquire[d] and retain[ed] possession of [an] access card." So Cuen was also ineligible for resentencing on counts 5 and 7, as a matter of fact.

## DISPOSITION

The order is affirmed.

THOMPSON, J.

WE CONCUR:

FYBEL, ACTING P. J.

IKOLA, J.

5

Filed 10/30/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G051368 |
|      v. | (Super. Ct. No. 14HF1375) |
| JUSTIN ANDREW CUEN, | ORDER CERTIFYING OPINION<br>FOR PUBLICATION |
|    Defendant and Appellant. | |

Respondent requested that our unpublished opinion, filed on October 8, 2015, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request for publication is GRANTED. The opinion is ordered published in the Official Reports.

THOMPSON, J.

WE CONCUR:


FYBEL, ACTING P. J.


IKOLA, J.