Filed 12/1/15  P. v. Pombo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>STEVEN STACY POMBO,<br><br>        Defendant and Appellant. | F069204<br><br>(Super. Ct. No. 143275)<br><br><br>**OPINION** |

-------

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Gomes, J. and Detjen, J.

# INTRODUCTION

The Three Strikes Reform Act of 2012 (Proposition 36) permits third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies to petition for resentencing. (Pen. Code,[1] § 1170.126 et seq.) If a petitioning offender satisfies the statute's eligibility criteria, they are resentenced as a second strike offender "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Following the enactment of Proposition 36, defendant filed a petition for resentencing. The trial court, however, found defendant statutorily ineligible for resentencing and denied the petition. On appeal, defendant contends (1) the People failed to produce evidence establishing his ineligibility for resentencing beyond a reasonable doubt, and (2) a conviction for unlawful possession of a firearm cannot disqualify an inmate from resentencing in the absence of an underlying felony to which the firearm possession is tethered. We affirm.

# FACTS[2]

On October 28, 1997, Modesto police effected a traffic stop on a pickup truck being driven by Robert Carrillo. Defendant was riding in the passenger's seat. Officers ordered the occupants out of the vehicle, and a subsequent search yielded a useable amount of methamphetamine in defendant's front pocket, as well as marijuana, a syringe, ammunition, and a handgun from the passenger's-side floorboard. Upon questioning by the police, defendant admitted the weapon belonged to him.

---

[1]    Unless otherwise indicated, all statutory references are to the Penal Code.

[2]    The facts are taken from this court's unpublished opinion *People v. Pombo* (Nov. 1, 1999, F031055).

Following his arrest, a jury found defendant guilty of possession of a controlled substance and unlawful possession of a firearm by a felon. Defendant was sentenced as a third strike offender to a term of 25 years to life in prison.

After the passage of Proposition 36, defendant filed a petition for recall of sentence. The trial court summarily denied defendant's petition, finding the fact defendant was armed with a firearm during his commitment offense rendered him ineligible for resentencing. This appeal followed.

## DISCUSSION

### I.     *The People were not required to prove defendant's disqualifying offense beyond a reasonable doubt.*

Defendant argues the trial court erred by denying his petition for resentencing, as the People failed to prove beyond a reasonable that defendant was ineligible for resentencing. We disagree.

As a preliminary matter, we note that the People bear no burden of proving a disqualifying offense under Proposition 36. While the People are required to "plead and prove" disqualifying offenses for defendants being sentenced as third strike offenders under Proposition 36, there is no such requirement for defendants petitioning for *resentencing* under Proposition 36. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1033.) Indeed, when determining eligibility for the purposes of resentencing, "[t]he statute does not expressly require the trial court to hold a hearing before considering the eligibility criteria, nor is there a reference to the taking of 'evidence' or other proceeding that would compel involvement by the parties." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1337.) Instead, the trial court determines a petitioner's eligibility based on the record of conviction. (*Id*. at pp. 1338-1339).

Even if the People had borne the burden of proof, however, it would not be a burden of proof beyond a reasonable doubt. The language of Proposition 36 imposes no

3.

such burden of proof and, "[e]xcept as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." (Evid. Code, § 115.)

Defendant nevertheless argues for a heightened standard of proof by noting that proof beyond a reasonable doubt is required when a finding increases a defendant's punishment beyond the statutory maximum. (See *People v. Towne* (2008) 44 Cal.4th 63, 74.) A finding of statutory ineligibility for resentencing, however, does not *increase* an inmate's sentence; it merely enforces an inmate's pre-existing sentence, which was imposed for offenses proved beyond a reasonable doubt at trial. (See *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1305.) Accordingly, no increased burden of proof is required, and defendant's argument must fail.

## II.     *Unlawful possession of a firearm need not be tethered to an underlying felony.*

Under Proposition 36, an inmate is not eligible for resentencing if the inmate's current conviction was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Among the crimes covered under those clauses are any offense where the defendant, during the commission of the offense, "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

On appeal, defendant argues that, for the purposes of disqualification under Proposition 36, there must be an additional, underlying felony to which the offense of unlawful firearm possession is tethered. As we noted in *People v. Osuna*, *supra,* 225 Cal.App.4th at page 1030, "[d]efendant would be correct if we were concerned with imposition of an arming *enhancement*" rather than the offense of unlawful possession of a firearm. When, as here, the issue is the offense of unlawful possession of a firearm, "the literal language of [Proposition 36] disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Id*. at p.

4.

1032.)  Accordingly, there is no need for a separate, underlying felony if the record demonstrates that the defendant was armed with a firearm during the unlawful possession of that firearm.

In the instant case, the facts clearly establish that defendant was armed with the firearm he unlawfully possessed.  For the purposes of Proposition 36, a defendant is deemed "armed" if the facts of the case establish the defendant had the firearm available for offensive or defensive use.  (*People v. Osuna*, *supra*, 225 Cal.App.4th at pp. 1029-1030.)  Here, the facts show defendant had a handgun on the floorboard in front of the seat he was riding in.[3]  Given these facts, defendant clearly had a firearm available for offensive or defensive use during his commitment offense.  Therefore, no tethering offense was required, and the superior court did not err by finding defendant statutorily ineligible for resentencing.

## DISPOSITION

The order is affirmed.

---

**3**     These facts are plainly set forth in our prior opinion (*People v. Pombo* (Nov. 1, 1999, F031055) [nonpub.]) in defendant's appeal from the conviction at issue.  As noted above, the trial court may rely on a defendant's record of conviction when making eligibility determinations.  (*People v. Bradford*, *supra*, 227 Cal.App.4th at pp. 1338-1339.)  The record of conviction includes any appellate opinion in the case.  (*People v. Woodell* (1998) 17 Cal.4th 448, 456.)