Filed 6/17/16  P. v. Ramirez CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TRINIDAD GARCIA RAMIREZ,<br><br>    Defendant and Appellant. | F070736<br><br>(Super. Ct. No. SC057756A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Detjen, J. and Smith, J.

Defendant Trinidad Garcia Ramirez contends the trial court erred in denying his petition for resentencing under Proposition 36, the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126).[1] We reverse and remand for further proceedings.

## PROCEDURAL SUMMARY

On June 24 1994, defendant was convicted by jury trial of felony driving under the influence (Veh. Code, § 23152). The jury found true allegations that he had suffered two prior convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Those two prior strike convictions were assault with intent to commit rape (§ 220) on August 4, 1969, and robbery (§ 211) on October 29, 1985. The trial court sentenced him to 25 years to life in prison.

About 20 years later, on October 7, 2014, defendant filed a petition for resentencing pursuant to Proposition 36 (§ 1170.126). He listed his two prior strike convictions, including his conviction for assault with the intent to commit rape. In its opposing papers, the prosecution argued:

> "The defense will likely argue that the People will have to prove force or fear in addition to the conviction. However, this is not true because the elements for assault with intent to commit rape already involve willfully applying force to a person. (See CALCRIM 890.) Moreover, the elements for rape include force or fear. (See CALCRIM 1000.) By definition, rape is having non-consensual intercourse with another person by means of force or fear. An assault to commit rape could not be committed without those features. If those features were lacking, it would not be a rape. Thus, the conviction alone is sufficient to prove that force and/or fear occurred in the case. Therefore, since the petitioner was convicted of this sexually violent offense, he is not eligible for resentencing pursuant to Penal Code section 1170.126."

On December 19, 2014, at the hearing on the motion, the following occurred:

> "THE COURT: … This is a Prop[osition] 36 petition for resentencing. The People filed an ineligibility objection based on a prior back in 1969.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2

"[DEFENSE COUNSEL]: This is another [section] 220, your Honor.

"THE COURT: Right. [Defense counsel]?

"[DEFENSE COUNSEL]: Your Honor, again, all of the elements of Welfare & Institutions Code [section] 6600[, subdivision (b)] must be met in order for the client to be ineligible for having a sexually violent prior.

"THE COURT: [Prosecutor]?

"[PROSECUTOR]: Your Honor, the elements of the offense show[] force or fear and it was a sexual offense so we would ask the Court to deny it.

"THE COURT: I will find that based upon his prior conviction, I will find him ineligible on the petition for Prop[osition] 36."

On December 26, 2014, defendant filed a notice of appeal.

## DISCUSSION

### I. Proposition 36

In November 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170. Prior to that, the former Three Strikes law mandated that a defendant who had been convicted of two or more prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a new felony. Proposition 36 amended the Three Strikes law so that a defendant with two or more prior serious or violent felonies is subject to a sentence of 25 years to life upon conviction of a new felony *only* if that new felony is serious or violent (or if certain exceptions apply); otherwise he is sentenced as a second strike offender. (See *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1026 (*Osuna*).)

Proposition 36 also added section 1170.126, which allows eligible inmates who are currently serving 25-year-to-life sentences under the former Three Strikes law to petition the court for resentencing. An inmate is eligible to petition if his sentence would not have been a 25-year-to-life sentence had he been sentenced under the reformed Three Strikes law. (§ 1170.126, subds. (a), (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595,

3

598.) But even an inmate who is eligible to petition may not be eligible for resentencing due to certain exceptions. Under section 1170.126, subdivision (e)(3), for example, an inmate is not eligible for resentencing if he has a prior conviction for any offense appearing in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). Those offenses include a "'sexually violent offense' as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§§ 667, subd. (e)(2)(C)(iv)(I), 1170.12, subd. (c)(2)(C)(iv)(I).) Welfare and Institutions Code section 6600, subdivision (b), defines a "'[s]exually violent offense'" as meaning "the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person …: any felony violation of Section … 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code."

The trial court is charged with determining whether a petitioner is eligible for resentencing. (§ 1170.126, subd. (f).) "[A] trial court need only find the existence of a disqualifying factor by a preponderance of the evidence." (*Osuna*, *supra,* 225 Cal.App.4th at p. 1040.) As the trial court's eligibility determination is factual in nature, we review that determination for substantial evidence. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 286; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331 (*Bradford*).)

In this case, the trial court found that defendant's section 220 prior conviction for assault with the intent to commit rape was a disqualifying prior. Thus, it concluded defendant was ineligible for resentencing and denied his petition.

On appeal, defendant contends there was no evidence he used force in committing the assault with intent to commit rape, and thus it did not constitute a sexually violent offense under Welfare and Institutions Code section 6600, subdivision (b). He stresses that the only fact before the trial court regarding the prior conviction was the appellate

4

opinion's statement that he pled guilty to the charge in 1969.  He now argues that assault with the intent to commit rape does not necessarily establish his use of force or fear during the assault.

The People respond that assault with the intent to commit rape necessarily includes force, violence, duress, menace, or fear of immediate bodily injury because assault with the intent to commit rape "is necessarily an unwanted violent act upon a victim."

Although we recognize that assault with the intent to commit rape does in fact usually include "force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person" (Welf. & Inst. Code, § 6600, subd. (b)), we do not agree that it *necessarily* does.  "[A]ssault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.)  This is in contrast to battery, which does require contact with the victim.  (§ 242.)  "An assault is an incipient or inchoate battery; a battery is a consummated assault.  'An assault is a necessary element of battery, and it is impossible to commit battery without assaulting the victim.' " (*People v. Colantuono* (1994) 7 Cal.4th 206, 216-217.)  "[U]pon proof of a willful act that by its nature will directly and immediately cause ' "the least touching," ' 'it is immaterial whether or not the defendant intended to violate the law or knew that his conduct was unlawful.  The intent to cause any particular injury [citation], to severely injure another, or to injure in the sense of inflicting bodily harm is not necessary.' [Citation.]  The pivotal question is whether the defendant intended to commit an act likely to result in such physical force, not whether he or she intended a specific harm. [Citation.]  Because the nature of the assaultive conduct itself contemplates physical force or 'injury,' a general intent to attempt to commit the violence is sufficient to establish the crime." (*Id.* at p. 218, fns. omitted.)

Assault with the intent to commit rape "requires proof that an assault was committed, and that at some time during the assault it was the intention of the defendant to have sexual intercourse with his victim by force." (*People v. Clifton* (1967) 248 Cal.App.2d 126, 129.) "If the defendant intends to have sexual intercourse with his victim and to use force to overcome her resistance, the crime of assault with intent to commit rape is committed." (*People v. Green* (1960) 180 Cal.App.2d 537, 542-543; *People v. Maury* (2003) 30 Cal.4th 342, 399-400 [assault with the intent to rape " ' "is complete if at any moment during the assault the accused intends to use whatever force may be required" ' " to commit the rape].)

Thus, assault with the intent to commit rape requires the *intention* to use force, not the actual use of force, and a conviction of assault with the intent to commit rape does not establish that the defendant actually used force during the assault. We also observe that CALCRIM No. 890, cited by the prosecution to support its conclusion that assault with the intent to commit rape necessarily includes the use of force, does not suggest that the use of force is an element of the crime. Instead, it lists "an act that by its nature *would directly and probably* result in the application of force to a person" and the defendant's "present *ability* to apply force to a person," and notes that "[t]he People are not required to prove that the defendant actually touched someone."[2] (Italics added.)

---

**2**    CALCRIM No. 890 provides:

"The defendant is charged [in Count __ ] with assault with intent to commit [rape] [in violation of … section 220].

"To prove that the defendant is guilty of this crime, the People must prove that:

"1.  The defendant did an act that by its nature would directly and probably result in the application of force to a person;

"2.  The defendant did that act willfully;

"3.  When the defendant acted, (he/she) was aware of facts that would lead a reasonable person to realize that (his/her) act by its nature would directly and probably result in the application of force to someone;

We conclude the mere fact of conviction for assault with the intent to commit rape does not prove the use of force in the commission of the crime. The trial court erred in concluding that defendant's conviction of that crime necessarily included the use of force. Because there was no evidence other than the fact of defendant's conviction, there was insufficient evidence to support a finding that the section 220 prior violation was "committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person," such that it constituted a sexually violent offense within the meaning of Welfare & Institutions Code section 6600, subdivision (b), and rendered defendant ineligible for resentencing under Proposition 36.

We will reverse the trial court's order and remand for consideration and possible resentencing under the remaining provisions of section 1170.126, including a

---

"4. When the defendant acted, (he/she) had the present ability to apply force to a person;

"[AND]

"5. When the defendant acted, (he/she) intended to commit [rape]; [¶] … [¶]

"Someone commits an act *willfully* when he or she does it willingly or on purpose.

"The terms *application of force* and *apply force* mean to touch in a harmful or offensive manner. The slightest touching can be enough if it is done in a rude or angry way. Making contact with another person, including through his or her clothing, is enough. The touching does not have to cause pain or injury of any kind.

"[The touching can be done indirectly by causing an object [or someone else] to touch the other person.]

"[The People are not required to prove that the defendant actually touched someone.]

"No one needs to actually have been injured by the defendant's act. But if someone was injured, you may consider that fact, along with all the other evidence, in deciding whether the defendant committed an assault[, and if so, what kind of assault it was].

"To decide whether the defendant intended to commit [rape] please refer to Instruction[s] _____ which define[s] (that/those) crime[s]."

7

determination of whether defendant would pose an unreasonable risk of danger to public safety such that he should not be resentenced.  (See *Bradford*, *supra*, 227 Cal.App.4th at pp. 1341-1343.)

## DISPOSITION

The order concluding defendant was ineligible for resentencing based on his 1969 section 220 prior conviction, and denying the petition for resentencing under Proposition 36 (§ 1170.126), is reversed.  The matter is remanded to the trial court for consideration of whether to resentence defendant under the remaining provisions of section 1170.126.