Filed 8/31/20  P. v. Peterson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN ARTHUR PETERSON,<br><br>    Defendant and Appellant. | G056688<br><br>(Super. Ct. No. 96NF0259)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

John Arthur Peterson appeals an order denying his petition for resentencing under Proposition 36. (See Pen. Code, § 1170.126.)[1] He contends reversal is required because the prosecution failed to prove he was ineligible for resentencing. We disagree and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND[2]

On the night of January 26, 1996, appellant was congregating with a crowd of people outside a residence in Placentia. When a police car pulled up to the house, the group disbanded, appellant fled, and an officer pursued him on foot until he reached the fence of a neighboring residence. At that point, appellant retrieved an item from his waistband and threw it over the fence. He then surrendered to the officer, and the police recovered the item, which turned out to be a loaded handgun.

At trial, appellant disclaimed any connection to the gun. The jury, unimpressed, convicted him of possessing a firearm as a felon as prohibited by section 12021. The jury also found he had suffered two prior serious felony convictions. Pursuant to the Three Strikes law, the court sentenced him to 25 years to life in prison.

Sixteen years later, in 2012, appellant petitioned for resentencing pursuant to Proposition 36. In a lengthy opposition brief filed on August 7, 2013, the prosecution argued the petition should be denied for three reasons. First, appellant was ineligible for resentencing as a matter of law because his third strike conviction was for violating section 12021. Second, appellant was ineligible for resentencing as a matter of fact because the record of conviction of his section 12021 violation showed he was armed with a firearm during that offense. Third, appellant was not suitable for resentencing because he posed an unreasonable risk to public safety.

---

[1] All further statutory references are to the Penal Code.

[2] The facts are derived from our prior opinion in *People v. Peterson* (Apr. 20, 1998, G020414) [nonpub. opn.].

2

The matter was assigned to Judge Francisco Briseno. At the hearing on the petition, he rejected the prosecution's argument that appellant's third strike conviction under section 12021 rendered him ineligible for resentencing as a matter of law. Judge Briseno did not address the prosecution's alternative argument that the record of that conviction proved appellant was armed with a firearm during that offense, and thus as a factual matter, he was ineligible for resentencing. Nonetheless, Judge Briseno ultimately denied appellant's petition on the basis he was too dangerous for resentencing and release at that time.

Judge Briseno did not leave it at that, however. Recognizing appellant had been trying to rehabilitate himself in prison, Judge Briseno invited him to renew his petition in a couple of years. Appellant took up that invitation in 2017 by filing a motion for reconsideration of the earlier denial order.

By that time, Judge Briseno had retired, so the motion was heard by Judge Kimberly Menninger. Unlike Judge Briseno, she did not base her decision on the issue of appellant's dangerousness. Instead, she ruled appellant was ineligible for resentencing under Proposition 36 given the current state of the law and what she had gleaned from the parties' court filings, including the prosecution's opposition brief that was filed back in August 2013. Therefore, she denied appellant's request for Proposition 36 relief.[3]

DISCUSSION

Appellant contends the trial's court's order must be reversed because the prosecution failed to carry its burden of proving he was ineligible for resentencing per Proposition 36. We cannot agree.

---

[3] The prosecutor's opposition brief was not initially included in the record on appeal. However, in response to our order to settle the record on appeal, Judge Menninger held a hearing at which the parties stipulated that Judge Menninger had considered the brief in denying appellant's petition for resentencing. We permitted appellant to file additional briefing after the appellate record was clarified in that regard and supplemented to include the prosecution's brief.

Under Proposition 36, the nature of the defendant's prior convictions is a primary consideration in determining his eligibility for resentencing. (§ 1170.126, subd. (e).) Once the defendant files a petition for resentencing and makes a prima facie showing for relief (which appellant did in this case), the burden is on the prosecution to prove beyond a reasonable doubt that one of the grounds for ineligibility applies. (*People v. Frierson* (2017) 4 Cal.5th 225, 230, 240.) One of those grounds is that the defendant was armed with a firearm during his third strike offense, meaning he had a firearm available for offensive or defensive purposes when he offended. (§§ 1170.126, subd. (e)(2); 1170.12, subd. (c)(2)(C)(iii); *People v. White* (2014) 223 Cal.App.4th 512, 524.) If ineligibility is not established, the trial court must resentence the defendant unless he poses an unreasonable risk to public safety. (§ 1170.126, subd. (f).)

In deciding the threshold issue of eligibility, the trial court is not required to conduct an evidentiary hearing. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1337.) Rather, "[t]he *facts* are limited to the record of conviction underlying [the] defendant's commitment offense[.]" (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7.) Thus, if the defendant files a petition alleging eligibility, the prosecution "may file a written request in the trial court to consider materials in the original record of conviction that the People believe support a determination that the petitioner is ineligible for resentencing." (*People v. Bradford, supra*, 227 Cal.App.4th at p. 1341.)

As noted above, the prosecution filed a long and detailed brief in opposition to appellant's resentencing petition. With respect to the issue of eligibility, the prosecutor initially argued appellant was ineligible as a matter of law because he was convicted of possessing a firearm under section 12021, regardless of the factual circumstances surrounding that offense. But, as appellant points out in his supplemental brief, that is not correct. "[A] person convicted of [violating section 12021] is not automatically disqualified from resentencing by virtue of that conviction; such a person is

4

disqualified only if he or she had the firearm available for offensive or defensive use."
(*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048.)

The prosecution's opposition brief was not limited to this particular argument, however. The prosecutor also argued appellant was ineligible for resentencing because the record of his section 12021 conviction clearly demonstrated he had a firearm readily available for offensive or defensive purposes right up to the time he was apprehended by the police. In other words, the prosecutor argued appellant's actual possession of a firearm during his third strike offense rendered him ineligible for relief under Proposition 36. In so arguing, the prosecutor repeatedly alluded to the record of conviction, including the evidence in appellant's third strike trial.

Appellant does not dispute the prosecutor's characterization of the record in that trial, nor does he dispute he is ineligible for resentencing by virtue of his firearm possession. However, he fears Judge Menninger may have denied his petition on the basis of the prosecution's initial argument concerning the legal effect of his section 12021 conviction, which was erroneous. Given this possibility, and given that the prosecution did not introduce any evidence at the hearing in front of Judge Menninger, appellant asks that we reverse her ruling and remand the matter to permit the prosecution to prove beyond a reasonable doubt he was ineligible for resentencing due to the armed-with-a-firearm exception set forth in Proposition 36.

But we are satisfied Judge Menninger decided the matter correctly. As explained above, Proposition 36 does not contemplate a mandatory evidentiary hearing on the defendant's eligibility for resentencing; rather, the trial court may decide that issue based solely on the record of the defendant's third strike conviction, which is precisely what the prosecution relied on in its opposition brief to prove appellant's ineligibility in this case. In formulating her decision, Judge Menninger not only considered the prosecution's brief, she also conducted her own legal research to ascertain the current state of the law in this area. Having researched the issue herself, she would have known

5

the prosecutor's initial argument about the legal effect of appellant's section 12021 conviction was erroneous and that the factual circumstances surrounding that conviction were determinative of appellant's eligibility. Although Judge Menninger did not make any express findings in that regard, it is reasonable to infer she agreed with the prosecutor's backup position that appellant was ineligible for resentencing because the record of conviction established he was armed with a firearm during his third strike offense. (See *People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 835 ["A trial court's judgment is presumed to be correct and to be based on legitimate sentencing objectives."].) Indeed, there is nothing in the record to suggest Judge Menninger based her decision on any other consideration or that she denied appellant's request for any other reason. That being the case, we see no reason to disturb her ruling.

DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

GOETHALS, J.

6