Filed 10/23/20  P. v. Bowden CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090228 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F10399) |
| v. | |
| LADON BOWDEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ladon Bowden asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

1

BACKGROUND

In December 2009, defendant was convicted of inflicting corporal injury on a spouse or cohabitant (Pen. Code, § 273.5) and sentenced to a third-strike term of 25 years to life (Pen. Code, § 667, subds. (b)-(i)). We affirmed that conviction in August 2011. (*People v. Bowden* (Aug. 25, 2011, C064732) [nonpub. opn.].)

After the electorate adopted the Three Strikes Reform Act in 2012, defendant filed a petition for recall and resentencing pursuant to newly added Penal Code section 1170.126. The trial court denied the petition after finding defendant was statutorily ineligible for resentencing. Relying on the description of defendant's crime in our August 25, 2011, opinion, the trial court found "beyond a reasonable doubt," that defendant intended to cause great bodily injury to the victim, and personally inflicted great bodily injury on the victim. Thus, the court concluded, defendant was ineligible for resentencing under Penal Code section 1170.126, subdivision (e)(1) and (e)(2).

In an unpublished opinion, we affirmed the trial court's order and rejected defendant's argument that the trial court should not have relied on the description of facts in this court's appellate opinion to determine whether defendant "inflicted great bodily injury on the victim, and intended to do so, when he committed the crime of inflicting corporal injury on a former cohabitant causing a traumatic condition." (*People v. Bowden* (Mar. 23, 2015, C073471) [nonpub. opn.].)

In 2017, our Supreme Court held in *People v. Frierson* (2017) 4 Cal.5th 225, 235-236, 239-240 (*Frierson*) that the prosecution had the burden of proving beyond a reasonable doubt that a defendant was ineligible for resentencing under the Three Strikes Reform Act.

In July 2019, defendant filed a "motion and request for reconsideration of petition for recall of the sentence and for resentencing under section 1170.126 in light of *People v. Frierson . . . .*" In his motion for reconsideration, defendant argued the jury did not find he inflicted great bodily injury on his victim, or intended to do so when he inflicted

injury on her. Thus, he concluded, the People had not met their burden under *Frierson* to prove beyond a reasonable doubt that he was ineligible for resentencing.

The trial court dismissed defendant's motion as untimely. In reaching its decision, the trial court found it had already determined defendant was ineligible for resentencing "beyond a reasonable doubt," as required by *Frierson*. That decision was affirmed by the appellate court and defendant's motion to recall the remittitur was denied. Defendant "set[] forth nothing new that would constitute good cause for this court to entertain the instant petition."

Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief. Defendant filed a supplemental brief raising two issues, both of which lack merit.

Defendant first contends the trial court abused its discretion in denying his motion for reconsideration. Motions for reconsideration must be based on "new or different facts, circumstances, or law." (Code Civ. Proc., § 1008, subds. (a)-(b).) In support of his contention, defendant relies on *Frierson*, which requires a trial court find defendant ineligible for resentencing beyond a reasonable doubt. As noted by the trial court, however, the court already found defendant ineligible for resentencing beyond a reasonable doubt when the court initially rejected defendant's initial petition. Accordingly, we conclude the trial court acted within its discretion denying defendant's motion.

Defendant also argues (as he did in his prior appeal) that the trial court abused its discretion by denying his motion based on "unadjudicated disqualifying factors." (See

3

*People v. Bowden, supra*, C073471.)  In essence, defendant is arguing the trial court was precluded from relying on this court's 2015 opinion to determine whether he was eligible for resentencing.  The law in that regard has not changed.  As we said before, the trial court may rely "on our prior opinion in finding [defendant] inflicted great bodily injury on the victim, and intended to do so, when he committed the crime of inflicting corporal injury on a former cohabitant causing a traumatic condition." (*People v. Bowden, supra*, C073471.)

Next, defendant contends the trial court denied him his right to due process by not allowing him to provide "input" before finding him ineligible for resentencing.  We reject this contention.

In support of his contention, defendant relies on the appellate court decision in *People v. Bradford* (2014) 227 Cal.App.4th 1322.  In *Bradford,* the Court of Appeal held that the trial court may examine only the record of conviction in making its threshold determination whether the nature of the defendant's conviction qualifies for resentencing. (*Id.* at pp. 1337-1341.)  The court added that "the trial court must be careful to avoid making a precipitous decision without input from the parties"; thus, if the necessary facts are not found in the record of conviction, the court should not deny the petition without providing notice to the defendant and an opportunity to be heard, which does not require a formal hearing, but may simply be by additional briefing. (*Id.* at pp. 1340-1341.) However, "[a] petitioner can, and should in most cases be able to, anticipate eligibility issues that arise. . . . [¶] . . . [¶]  [T]he petitioner would be well advised to address eligibility concerns in the initial petition for resentencing." (*Ibid*.)

Here, defendant's petition raised his eligibility concerns in his motion for reconsideration.  This was the second time this trial court had the opportunity to hear defendant's arguments relative to his eligibility for resentencing.  On this record, defendant had ample opportunity to provide his "input" prior to the court determining his eligibility for resentencing.  No more is required.

4

Having also examined the record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The postjudgment order of the court is affirmed.

/s/_____<br>
HOCH, J.

We concur:

/s/_____<br>
BLEASE, Acting P. J.

/s/_____<br>
KRAUSE, J.